Case 09-52021-gwz    Doc 48    Entered 01/20/10 14:12:29    Page 1 of 2



_____
**Hon. Michael S. McManus**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| In re | Case No. 09-52021 |
| PHILIP and BARBARA CIRVES, | Chapter 13 |
| Debtor. | Date: January 8, 2010<br>Time: 1:30 p.m. |

**MEMORANDUM**

Movant The Bank of New York, etc., seeks relief from the automatic stay with respect to real property located in Reno, Nevada.

Neither the debtor nor the trustee have filed written opposition on or before 14 days prior to the hearing as required by Local Bankruptcy Rule 9014(d)(1). This is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo),

468 F.3d 592 (9th Cir. 2006).  Therefore, the defaults of the above-mentioned parties in interest are entered and the matter will be resolved without oral argument.

The motion will be granted pursuant to 11 U.S.C. § 362(d)(1) to permit the movant to conduct a nonjudicial foreclosure sale and to obtain possession of the subject property following sale.

The movant holds a claim secured by a deed of trust that encumbers the debtor's real property.  The plan requires that the post-petition note installments be paid directly to the movant by the debtor.  In breach of the plan, the debtor failed to pay approximately six monthly installments to the movant.  This is cause to terminate the automatic stay. See Ellis v. Parr (In re Ellis), 60 B.R. 432, 434-435 (B.A.P. 9th Cir. 1985).

Because the movant has not established that the value of its collateral exceeds the amount of its claim, the court awards no fees and costs.  11 U.S.C. § 506(b).

The 14-day stay of Fed. R. Bankr. P. 4001(a)(3) will not be waived.

Counsel for the movant shall lodge a conforming order.